## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID LAHEY and GAYLE LAHEY, his
wife, individually and as parents and next
friends of BRITTANY NICOLE LAHEY, a
minor, TYLER CHRISTIAN LAHEY, a         Case No.:    8:06-CV-1949-T27-TBM
minor, AUSTIN GLENN LAHEY, a minor,
and ASHLEY AMBER LAHEY, a minor,

          Plaintiffs,

vs

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendant.

_____/

## PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND
## MEMORANDUM OF LAW IN SUPPORT

COMES NOW the Plaintiffs, DAVID LAHEY and GAYLE LAHEY, his wife,

individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor,

TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor, and

ASHLEY AMBER LAHEY, a minor, by and through their undersigned counsel and

pursuant to 28 USC § 1447, hereby respectfully moves this Honorable Court for

entry of an order remanding this case to the state court from which it was removed,

the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County,

Florida, and for fees and costs associated herewith, and states:

    1.    The Plaintiffs are seeking remand based on the fact that the

Defendant's removal to this Court was time barred by 28 U.S.C. § 1446 in that the

removal was not filed within one year of the commencement of the suit, nor was it filed within thirty (30) days of receipt of a pleading, motion, or other paper that put the Defendant on notice of the amount in controversy, and any federal court action would be inextricably intertwined with issues that have been decided by the state court.  A virtually identical scenario arose in front of Judge Daniel T.K. Hurley in the U.S. District Court, Southern District of Florida in the *Korzeniowski v. Eagleman*, case no. 04-805420CIV-HURLEY (S.D. Fla. 2004), case, wherein Judge Hurley remanded the action to state court.  A copy of Judge Hurley's order granting remand is attached as **Exhibit No. 1**.

2.     On October 20, 2006, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), filed a notice of removal of this case from the state court in which it was then pending on the basis of diversity jurisdiction, pursuant to 28 USC § 1332, arguing that the Plaintiffs' Second Amended Complaint gave rise to a new basis for removal to this Court.

3.     Remand to the state court is required because removal is time barred. Defendant's notice of removal was defective in that it was not filed within one year of commencement of this action in state court.  Title 28, section 1446 governs procedural requirements for removal.  That section provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b)(emphasis added).

3.　　This case was initially filed in state court and served upon Defendant in September, 2001.  A copy of the initial complaint and return of service is attached hereto as **Composite Exhibit No. 2**.  Defendant's notice of removal was filed approximately **five** years later, on October 20, 2006.  Thus, Defendant's notice was not filed within the one-year time limit applicable when jurisdiction is based on section 1332 and the initial pleading was not removable.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69, 117 S.Ct. 467, 472-73 (1996)(explaining that "no case [not originally removable] may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'")(quoting 28 USC § 1446(b)).

4.　　The date when a plaintiff commences an action is governed by state law for the purpose of determining when the one-year time limit provided by section 1446(b) began to run.  *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993)("State law determines when an action is commenced for removal purposes."); *see also, US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F.Supp.2d 699 (E.D. Va. 2004)("[I]t is well-settled that state law governs the determination of the 'commencement of the action' for the purpose of the one year limit on removal."); *Provenza v. Yamaha Motor Co.,* 295 F.Supp.2d 1175, 1177 (D. Nev. 2003) ("For purposes of the one year limitation on diversity jurisdiction cases, 'commencement' of an action is governed by the law of the state in which the case originated."); *Sledz v. Flintkoke*, 209 F.Supp.2d 559 (D. Md. 2002)(same);  *Hattaway v. Engelhard*

Corp., 998 F.Supp. 1479 (M.D. Ga. 1998)(same); *Zumas v. Owens-Corning Fiberglas Corp.,* 907 F.Supp. 131, 133 (D.Md.1995) (same).

5.      Under Florida law, a civil action "shall be deemed commenced when the complaint or petition is filed," except for ancillary proceedings such as garnishment, which are deemed commenced when the writ is issued or the pleading setting forth the claim initiating the action is filed.  Rule 1.050, Fla. R. Civ. P. (2006). An amendment to a complaint does not restart the one-year period for removal of a diversity action.  *See Burke v. Atlantic Fuels Marketing Corp.*, 775 F. Supp. 474 (D. Mass. 1991).

6.      Plaintiffs' amendment of the complaint to add a bad faith cause of action did not "commence" a new action.  This action has been pending in state court for over five years with the same plaintiffs and the same defendant.  *See* Composite Exhibit No. 2.  This action has proceeded through **two** trials and the entry of partial final judgment in Plaintiffs' favor as to the initial claim for damages pursuant to an uninsured motorist policy.  The initial action has not concluded, however, because Plaintiff's motion for attorney's fees incurred in prosecuting the underlying tort claim remains pending, as to both the entitlement and amount of fees.  Additionally, the Defendant has appealed the trial court's final judgment in the underlying action to the Florida Second District Court of Appeal.  *See* **Exhibit No. 3** and **4**, respectively.

7.      Defendant's notice of removal was also untimely on the ground that it was not filed within 30 days of receipt by the Defendant of "an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 USC § 1446(b).

8.      Defendant first received notice of Plaintiffs' contention that the amount in controversy in this action exceeded the jurisdictional minimums on or about December 20, 2001 when it received proposals for settlement pursuant to Fla. R. Civ. Pro. 1.442 for both David Lahey and Gayle Lahey in excess of $295,000.00. A copy of these proposals are attached as **Exhibit No. 5**.

9.      In addition, the Defendant received notice of the Plaintiffs' intent to bring an action for bad faith pursuant to section 624.155, Florida Statutes, on or about December 7, 2001, when it received by certified mail Plaintiffs' Civil Remedy Notice of Insurer Violation. A copy of the civil remedy notice and return receipt for certified mailing is attached as **Exhibit No. 6**.

10.     Defendant incorrectly asserts that its notice of removal was timely, based upon a Second Amended Complaint that was deemed filed on September 22, 2006 pursuant to the state court's order of that date. Assuming, *arguendo*, that the Defendant's removal was not already stale years before with the receipt of the above-mentioned documents, the 30-day window does not run from the date of filing, however, but from the date Defendant **receives** the pertinent document making it aware of grounds for federal jurisdiction. 28 U.S.C. § 1446(b).

11.     Defendant relies upon the Second Amended Complaint as the paper which first provided it with notice that Plaintiffs sought damages in excess of $75,000.00, the jurisdictional limits of this court. However, Defendant has not

provided evidence of when it first received the Second Amended Complaint.  In conjunction with Plaintiffs' motion for leave to amend complaint, Plaintiffs served Defendant with a notice of filing a proposed amended complaint, with the proposed amended complaint attached thereto, on April 20, 2006.  A copy of the Plaintiffs' notice and proposed amended complaint is attached hereto as **Exhibit No. 7**.

12.     Additionally, on September 14, 2006, the state court conducted a hearing upon Plaintiffs' motion for leave to amend the complaint, among other things, and counsel for both parties attended and argued the motion.  The state court made its ruling granting the Plaintiffs' motion for leave to amend at that time. Despite being on notice of the Plaintiffs' intent to amend the complaint from the receipt of Plaintiffs' notice of filing and motion for leave to amend complaint five months before the hearing date, the Defendant still waited 36 days after the hearing to file a notice of removal.  Assuming that even if the Defendant did not have a copy of the proposed Second Amended Complaint until the **day of the hearing**, removal was **still** untimely.   No matter how it is parsed, the Defendant's removal was untimely as to both the 30-day provision and the one-year provision of section 1446(b).

13.     Defendant's notice of removal failed to meet the procedural requirements of 28 USC § 1446(a) by failing to attach "a copy of all process, pleadings, and orders served" in this action.  *See In re Ocean Marine Mutual Protection & Indemnity Ass'n,* 3 F.3d 353, 356 (11th Cir.1993).  Defendant attached only those papers "as raised by the Second Amended Complaint."  *See* Defendant's

Notice of Removal at paragraph 11.

14.    In addition to the fact that the notice of removal was not timely filed, the attempt to remove the Plaintiffs' Second Amended Complaint based on the addition of Count VII is impermissible because the issues raised in the bad faith portion of the complaint are inextricably intertwined to the merits of the state court's judgment.   *See* Exhibit No. 1.

15.    This motion to remand is timely filed pursuant to 28 U.S.C. § 1447(c), which provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal…" and with Local Rule 3.01(b).

16.    Plaintiff is entitled to an award of costs and fees associated with the removal and remand of this action pursuant to section 1447(c) of Title 28.   That section provides this court with discretion to award costs and fees in an appropriate case.

WHEREFORE, because Defendant did not timely file the notice of removal as required by 28 U.S.C. § 1446(b), and did not attach copies of all papers and pleadings filed with the state court in this action as required by 28 U.S.C. § 1446(a), the Plaintiffs respectfully request that this action must be remanded to the state court and that the Court award the Plaintiff attorney's fees and costs associated with filing this motion pursuant to 28 U.S.C. § 1447 and any other relief this Court deem just.

## MEMORANDUM OF LAW

### Summary of the Argument

State Farm has failed to properly remove the case within the applicable time limits described in 28 U.S.C. § 1446.  Given the narrow construction that courts have given the provisions of § 1446, the Defendant failed to remove the case within either one year from commencement of the action or within thirty days of receipt of a motion, amended pleading, or other paper that gave the Defendant notice of the potential to remove the case to this Court.  The Plaintiffs initially filed their case against State Farm over five (5) years before the Defendant sought to remove the case to this court, yet despite notice repeatedly within the first year from commencement of this action that the case could potentially meet the jurisdictional requirements of this Court for diversity jurisdiction under 28 U.S.C. § 1332, the Defendant failed to remove it.

The Defendant's arguments that the removal is timely based on the date of filing of the Second Amended Complaint is erroneous as well.  Section 1446 requires that notice runs thirty days from the date of receipt of any pleading, motion, or other paper that puts the Defendant on notice that the jurisdictional requirements of this court may be invoked.  Defendant received the proposed second amended complaint in April 2006 and the state court granted the Plaintiffs motion for leave to amend complaint on September 14, 2006.  On both occasions, the Defendant had received the Plaintiffs' proposed amended complaint, but the Defendant failed to remove within thirty days from either of those dates.

The Defendant's removal is also defective in that the Defendant failed to attach a copy of all process, pleadings, and orders served in this action at the time the notice of removal was filed in accordance with 28 U.S.C. § 1446(a).  The Defendant, instead, filed only copies of pleadings and orders since the state court deemed filed the Second Amended Complaint.

Additionally, even if the Defendant's removal somehow met the requirements of 28 U.S.C. § 1446, removal is still improper based on the facts that any decisions that this Court could make are inextricably intertwined with issues already decided by the state court and should not be disturbed.

As a result, of the Defendant's failure to properly remove this case as described by § 1446, this Court should remand this action back to state court and grant Plaintiff's request for attorney's fees associated with bringing this remand motion.

## 1.   __Removal Generally__

This case must be remanded to the state court because the Defendant failed to timely file a notice of removal pursuant to Title 28, section 1446(b) of the U.S. Code.

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   The burden is upon the removing party to demonstrate its right to removal by a preponderance of the evidence. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996).  While a defendant does have a right to remove in certain situations, the "plaintiff is still the master of

his own claim." *Burns*, 31 F.3d at 1095; *see also, Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 2429 & n. 7, 96 L.Ed.2d 318 (1987); *Great Northern R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *Gafford v. General Electric,* 997 F.2d 150 (6th Cir.1993); *see also, Insigna v. LaBella,* 845 F.2d 249, 253-54 (11th Cir.1988).  As the Eleventh Circuit has explained, "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing ... where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.  Because federal courts are courts of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

State Farm has not met its burden in this case to establish that this Court has jurisdiction over this case.  Any uncertainties concerning removal of this action should be construed in the Plaintiffs' favor and remanded to state court, as the Plaintiffs, as masters of their own claims, brought this action originally in state court.

**2.      A Defendant Must Remove Within One Year From Commencement.**

There is currently a split in authority regarding whether the one-year limit for removal is a procedural or a jurisdictional requirement.  *See Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513 (5th Cir.), *cert. den.* 113 S.Ct. 600 (1992)(finding the time requirement is procedural and a case removed beyond one year may be retained in federal court if the plaintiff does not move to remand within

30 days); *cf. Brock v. Syntex Laboratories, Inc.*, 7 F.3d 232 (6th Cir.

1993)(table)(unpublished opinion at 1993 WL 389946)(finding that the one-year

requirement is jurisdictional, and may be raised at any time).  The Eleventh Circuit

has stated, in dicta, that the one-year rule is one of several "bright line limitations on

federal removal jurisdiction." *Russell Corp.*, 264 F.3d at 1050.  The court explained

that although some might regard such limitations as arbitrary and unfair, they are

"an inevitable feature of a court system of limited jurisdiction that strictly construes

the right to remove." *Id.*

        Defendant has not demonstrated that its notice of removal was timely.  Given

that removal statutes must be construed narrowly, the time requirements in section

1446(b) are mandatory and will result in remand when timely objection to a late

notice of removal is made.  *Crews v. National Boat Owners Ass'n (NBOA) Marine*

*Ins. Agency, Inc.*, ___ F.3d ___, 2006 WL 902269, *2 (M.D. Ala., April 6,

2006)("Given that removal statutes must be construed narrowly, § 1446's time

requirement is mandatory and must be strictly applied; '[t]imely objection to a late

petition for removal will therefore result in remand.'")(*internal citation omitted*).

        Defendant's assertion that its notice of removal was timely when measured

from the date the amended complaint was deemed filed is without merit.  The one

year time bar applicable to cases that are not initially removable runs from

commencement of the action.  Under Florida law, an action is "commenced" when

the initial complaint or petition is filed.  Rule 1.050, Fla. R. Civ. P. (2006); *see also,*

*Theodorou v. Burling*, 438 So. 2d 400 (Fla. 4th DCA 1983)(explaining that an action

is commenced when the complaint is filed). The only civil proceedings in Florida which are not commenced by the filing of a complaint or a petition are ancillary proceedings, which are defined as actions that are auxiliary or subordinate to another action, or in aid of a principal action, such as a bill for discovery or a garnishment proceeding. *Id.*; *see also,* Black's Law Dictionary 86 (6th ed. 1990).

A subsequent change in the posture of the case, whether by amendment of the complaint or otherwise, will not extend the one-year time limit for removal. *Burke v. Atlantic Fuels Marketing Corp.*, 775 F. Supp. 474 (D. Mass. 1991); *see also, Cofer v. Horsehead Research and Development Co.*, 805 F. Supp. 541, 543 (E.D. Tenn. 1991)(holding that removal filed more than one year after commencement was time barred, even though the plaintiff had amended the complaint more than one year after commencement to pray for damages in excess of the federal court's jurisdictional limit).  In *Burke*, the plaintiff brought a common law tort action in state court, and then amended her complaint more than one year later to include additional counts against the defendant. The defendant then removed the case to federal court, asserting that the plaintiff had transformed her case by the amendment, thus giving rise to a right of removal based on diversity jurisdiction. *Id.* at 475.

The district court rejected the defendant's argument that the time limits in section 1446(b) applied to the date of filing the amended complaint. *Id.* Instead, the court found that the one-year limit must be measured from the initial complaint, despite the change in the nature of the case. The court noted that the legislative

history of section 1446(b) reveals that the one-year limit on removal based on

diversity jurisdiction was adopted "as a means of reducing the opportunity for

removal after substantial progress has been made in state court." *Id.* at 477, *citing*

*House Report No.* 100-889, 100th Congress, 2d Session, *reprinted in* 1988

U.S.C.C.A.N. 5982, 6032.  Accordingly, the district court found that removal was

time-barred and remanded the case to the state court. *Id.*; *see also, Service Asset*

*Mgmt. Co. v. Hibernia Corp.*, 80 F.Supp.2d 626, 628 (E.D. Tx. 2000)(holding that

one-year bar to removal after "commencement" of action referred to original

complaint filed in state court and not to cross-claims that were at issue when case

became removable following dismissal of plaintiff's original claims).

Defendants assert, however, that this case is removable because the Second

Amended Complaint "constitutes a separate and independent action." *See* Notice of

Removal, at paragraph 9.  Defendants apparently rely upon the common law

"substantial repleading" doctrine.  That doctrine provided that when a plaintiff filed

an amended complaint that so changed the nature of the action as to constitute a

substantially new suit, the time period for removal dated from the filing of the

amended complaint. *See Service Asset Mgmt.*, 80 F.Supp.2d at 629-630.  The

doctrine was created prior to 1988, however, when section 1446(b) did not include

the present one-year limitation on removal of a diversity action that was not initially

removable. *Id.* at 630.  The doctrine was not created to apply to the one-year limit in

section 1446(b); rather, it applies to the 30-day limit applicable to cases that are

removable when initially filed. *Id.*

> [The "substantial repleaing" doctrine] applies only to cases which were initially removable on the date of the original filing in state court. The exception comes into play when the defendant waives his right to remove the initial complaint and the plaintiff amends her pleading to substantially change the nature of the action. Under those limited circumstances, the defendant's right to remove 'is revived.'

*Id.* The substantial repleading doctrine does not apply to this situation. Moreover, even if the doctrine applied, it would not support removal here because the claims in the original and Second Amended Complaint are not separate and distinct. They are both based on the same contract of insurance, they involve identical parties, and they arise from the same conduct by the defendant, i.e. the failure to timely and appropriately settle the Plaintiffs' uninsured motorist claim. Furthermore, the Plaintiffs served the Defendant with their motion for leave to and proposed Second Amended Complaint in April 2006, six months before the Defendant filed its notice of removal.

Even the cases cited by Defendant illustrate that removal was improper. Defendant cites four cases in support of its position that the amended complaint constitutes a separate action that is independently removable. *See Webb v. Zurich Ins. Co.*, 200 F.3d 759 (11th Cir. 2000); *Scanlin v. Utica First Ins. Co.*, 426 F.Supp.2d 243 (M.D. Pa. 2006); *Kiefer v. State Farm Mut. Auto. Ins. Co.*, 918 F.Supp. 164 (E.D. La. 1996); *Swanson v. Liberty Nat'l Ins. Co.*, 353 F.2d 12 (9th Cir. 1965). The cited cases are all distinguishable and none support Defendant's position.

In *Webb*, the plaintiff obtained a default judgment in a tort action. No notice of the action was given to the liability insurer, who was not a party. *Webb*, 200 F.3d

14

at 759.  After plaintiff obtained the default judgment, she filed a writ of garnishment

against the liability carrier, who removed the garnishment action to federal court.

*Id.* at 760.  The Eleventh Circuit held that the lower court correctly denied the

plaintiff's motion to remand, because a garnishment action brought post-judgment is

a separate civil action.  *Id.* at 760.  The instant case differs from *Webb* in two

important respects.  First, a garnishment proceeding is a separate action under

Florida state law; it is commenced when the writ of garnishment is filed.  Rule 1.050,

Fla. R. Civ. P. (2006).  An amended complaint, however, does not commence a new

or separate action.  *Id.*  Second, the one-year limit in section 1446(b) was not

discussed in *Webb*.  In addition, the insurer was not a party to the original tort action

in *Webb*, unlike the Defendant in the instant case.  Thus, the fact that the insurer in

*Webb* was permitted to remove a garnishment action within 30 days of its

commencement has no bearing upon the removability of the instant action more

than five years after its commencement.

     *Scanlin* also involved a garnishment action, which is a separate cause of

action under Pennsylvania law just as it is under Florida law.  *Scanlin*, 426

F.Supp.2d at 246-247.   The *Scanlin* court engaged in a detailed analysis of other

garnishment cases in Pennsylvania's federal courts and a 1958 case from the

Eighth Circuit to determine whether removal of the garnishment action was

appropriate.  *Id.* at  248.  The court adopted a two-step analysis from those cases

to determine whether the garnishment action was ancillary to the related tort action

or a distinct "civil action" that would be separately removable.  *Id.* at 250.  First, the

court determined whether the issues in the garnishment proceeding and the underlying tort claim were separate, and second, the court inquired whether the defendant in the garnishment proceeding was also a defendant in the state court action. *Id.* The court held that " [u]nity of either issue *or defendant* in the prior state action and subsequent garnishment action will favor the conclusion that the garnishment proceeding is merely ancillary to, or a continuation of, the prior state case." *Id.* (emphasis added).

It is undisputed in the instant case that the Defendant has remained the same throughout the state court proceedings. Moreover, the original claim and the bad faith claim are both based upon the same contract of insurance, and both arose from the same conduct by Defendant. Accordingly, even *Scanlin*, which Defendant cites in support of its right of removal, actually supports remanding this case to the state court.

*Kiefer* and *Swanson* are equally unsupportive of Defendant's position. In *Kiefer*, the court found that removal was timely when it was filed 22 days after plaintiff initiated a bad-faith suit against her uninsured motorist carrier. 918 F. Supp. at 166. The court expressly noted that the plaintiff elected to file a **separate action** rather than waiting to amend the underlying action, which was suspended during a pending appeal. *Id.* at 166. Unlike the plaintiff in *Kiefer*, the Plaintiffs in the instant action did not file a separate bad faith case against the UM insurer.

Finally, *Swanson*, like *Webb* and *Kiefer*, involved a garnishment proceeding that was considered a separate and independent action, and the defendant therein

timely removed.  *Swanson*, 353 F.2d at 13.

The fact that Defendant could have removed if Plaintiffs had chosen to assert their bad faith claim in a separate action is wholly irrelevant.   Under Florida law, a bad faith action against an insurer does not accrue until an insured's underlying first-party action for insurance benefits against the insurer has been favorably resolved. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla. 1991). Nevertheless, an insured may bring both the bad faith claim and the underlying contractual benefits action against an uninsured motorist carrier in the same case. *See Allstate Indemnity Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005)(noting that discovery will be more limited in cases where the plaintiff joins the bad faith claim with the underlying claim).  When both causes of action are brought together, the court generally will abate the bad faith action until the insurer's obligation to provide coverage has been established.  *Id.*

In short, the Plaintiffs were not required to bring their bad faith claim in a separate suit.  The fact that they chose to amend the existing suit rather than bring a separate action against the same defendant does not provide Defendant with an excuse to contravene the clear time limits imposed by section 1446(b).

**3.    In Addition to Failing to Remove Within One Year, the Defendant Failed to Remove Within Thirty Days of receipt of an Amended Pleading, Motion, or Other Paper.**

Assuming, *arguendo*, that the Defendant filed its removal within one year of commencement, the Plaintiffs respectfully argue that the Defendant still failed to remove within thirty days of receipt of the Plaintiffs' motion for leave to amend

complaint.

In addition to the bar imposed by the one year limit, removal is also time-barred in the instant case by Defendant's failure to remove within 30 days of Defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 USC § 1446(b).  The 30-day period runs from the defendant's **receipt** of an amended pleading or motion, not from the date of filing.  *Id.* (emphasis added).  Defendant received a copy of the Second Amended Complaint on or about April 20, 2006, when the Plaintiffs served a notice of filing second amended complaint concurrently with the Plaintiffs' motion for leave to amend complaint.  Defendant waited approximately **six months**, however, before filing a notice of removal.  Accordingly, removal is time-barred by Defendant's failure to comply with the 30-day requirement in section 1446(b).

**4.      Defendant's Removal Fails Because the Defendant Failed to Attach All Process, Pleadings, and Orders Served in the State Court Action.**

Defendant's notice of removal was defective because Defendant failed to attach "a copy of all process, pleadings, and orders served" in this action, as required by 28 USC § 1446(a).  Defendant attached only those papers "as raised by the Amended Complaint." *See* Defendant's Notice of Removal at paragraph 11. The failure to attach copies of all papers filed in the state court action to the notice of removal is yet another procedural defect in Defendant's removal of this case that warrants remand to the state court.   *See In re Ocean Marine Mutual Protection & Indemnity Ass'n,* 3 F.3d 353, 356 (11th Cir.1993).  The sheer volume of documents

already generated at the state court level would demonstrate how much litigation has already transpired between these Plaintiffs and this Defendant; the fact that the Defendant selectively included only the pleadings since the Second Amended Complaint is telling- to be fully apprised of what has transpired in this case, this Court would be required to review over five years of documentation regarding the litigation between these two parties.

5.    **The Defendant's Basis for Removal is Intextricably Intertwined With Issues Already Decided by the State Court and Should Not be Disturbed.**

The Plaintiffs respectfully argue that this Court should remand this action because any decisions that this Court made could interfere with decisions made at the state court level.

The Plaintiffs refer and incorporate by reference an order entered by Judge Daniel Hurley in *Korzeniowski v. Eagleman, et al*, Case No. 04-80542-CIV-HURLEY (S.D. Fla. 2004).  *See* Exhibit No.1.

Judge Hurley remanded back to the state circuit court an action in facts similar to those present here.  After an entry of a $63,000,000.00 verdict in their favor on a medical malpractice action, the plaintiffs sought to join the insurer of the defendant doctor in the action, seeking final judgment against it and its insured.  *Id.* at 2.    The trial court granted the motion to join, but only entered final judgment on the insurer's applicable policy limits.  *Id.*  After entry of the final judgment, the plaintiffs moved to amend their complaint to add a bad faith complaint against the insurer.  *Id.* at 3.  Before the court granted the motion to amend, the insurer removed to federal court on the basis of diversity jurisdiction.  *Id.*

Judge Hurley remanded back to state court on a variety of grounds.  First and foremost, the court noted that the defendant insurer's position was an attempt to convince the court to revisit the state court's action in deciding to add the insurer, something forbidden by the *Rooker-Feldman* doctrine.[1] *Id.* at 6.  The court went on to say that

> Thus, just as a late added defendant or third party defendant has no right of removal after expiration of the one year statutory removal period, on [*sic*] theory that the "commencement of the action" under § 1446(b) is determined from the date of filing of the original complaint, [*citations omitted*], MedPro **as a late added defendant and cross-claim defendant has no right of removal beyond the one year anniversary of the original filing date of the underlying malpractice action**.

*Id.* at 6 (emphasis added).

Judge Hurley's order illustrates a situation more extreme than the one presented to this Court.  Unlike the situation in *Korzeniowski*, the Defendant has been the same since the inception of the action.  The Defendant in this action has been on notice for the potential for a bad faith action since the commencement of the suit five years ago and at worst, six months ago, when the Plaintiffs filed their motion for leave to amend and the proposed amended complaint.   The issues in the state court action are still present and would be intertwined with issues decided upon on the state court level.  In effect, Defendant would be asking this court to violate the *Rooker-Feldman* doctrine.

Respectfully, this Court should remand this action back to the state court.

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

## ATTORNEY'S FEES

This Court has the discretion to award attorney's fees associated with the removal and remand, and an award of attorney's fees is appropriate in this case. 28 USC § 1447(c). That section provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* The Supreme Court recently announced a standard to guide district courts in determining whether to award fees when remanding a case to state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). The court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 711. Generally, the district court should award fees under section 1447(c) only when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

In the instant case, fees are appropriate because the Defendant did not have "an objectively reasonable basis" for removing the case. Section 1446(b) imposes a clear, one-year limit upon removal in cases such as this one, yet Defendant sought to remove the case more than five years after it was commenced. The Defendant claims surprise with the Second Amended Complaint, yet the Plaintiffs filed proposals for settlement and civil remedy notices approximately five years ago, both notifying the defendant of the amounts in controversy and the possibility of initiation of a bad faith action. Defendant failed to locate even one case where removal was proper on similar facts, and instead relied upon cases involving garnishment proceedings. Moreover, even those cases Defendant cited support remand here

because Plaintiff's original complaint and amended complaint arise from the same conduct, rely upon the same contract of insurance, and involve the identical parties. In short, the Defendant did not have an objectively reasonable basis for removal, and this court should award fees to the Plaintiffs.

## CONCLUSION

In sum, removal is time-barred here because the notice of removal was not filed within one year of commencement of the state court action, and because it was not filed within 30 days of Defendant's receipt of an amended pleading or motion from which the grounds asserted for removal could first be ascertained. In addition, Defendant did not comply with the procedural requirements for removal by failing to attach all documents filed in the state court. Additionally, issues this court would examine in this case are inextricably intertwined with issues already decided at the state court. Finally, this court should award Plaintiffs the fees associated with removal and remand because Defendant did not have an objectively reasonable basis for removal. Therefore, Plaintiffs respectfully request that this Court remand this case to the state court from which it was removed, and enter an order awarding costs and fees associated with the removal to the Plaintiffs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of October, 2006, I electronically filed the foregoing Motion to Remand To State Court and Memorandum of Law in Support with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to the following:    to John W. Weihmuller, Esq., and David

B. Krouk, Esq., 777 South Harbour Island Boulevard, Suite 500, Tampa, Florida

33602 this 30th day of October, 2006.


JAMES W. CLARK, ESQ.      FBN: 146250
CLARK & MARTINO, P.A.
3407 W. Kennedy Blvd., Tampa, FL 33609
PH: (813) 879-0700
Fax:  (813) 879-5498
Attorneys for Plaintiffs

-and-

RICHARD W. SLAWSON, ESQ.
FBN: 134719
SLAWSON CUNNINGHAM WHALEN &
GASPARI
1402 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
PH: (561) 625-6260
Fax: (561) 625-6269
Co-Counsel for Plaintiffs