UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80542-CIV-HURLEY

LUKE KORZENIOWSKI, a minor,
etc, et al.,
    plaintiffs,

vs.

ATTILA EAGLEMAN, M.D.,
ATTILA EAGLEMAN, M.D. P.A.,
THE MEDICAL PROTECTION COMPANY OF
FORT WAYNE, INDIANA,
    defendants.
_____/

ATTILA EAGLEMAN, M.D.,
ATTLA EAGLEMAN, M.D. P.A.,
    defendants/ cross claimants,

vs

THE MEDICAL PROTECTION COMPANY OF
FORT WAYNE, INDIANA,
    cross-claim defendant.
_____/

FILED by ___ D.C.
NOV 15 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**CLOSED CASE**

### ORDER REMANDING ACTION TO THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA & CLOSE-OUT.

THIS CAUSE is before the court upon the Korzeniowski plaintiffs' motion for remand, in which defendants Atilla Eagleman, M.D. and Atilla Eagleman, M.D., P.A. have joined. After carefully reviewing the motions for remand, together with the response in opposition by defendant The Medical Protection Co. of Fort Wayne, Indiana ("MedPro"), the court has determined that

EXHIBIT 1

this action was improvidently removed from state court and accordingly must be remanded.

## Background

On October 30, 1997, defendant Attila Eagleman, M.D, ("Eagleman"), delivered the infant Luke Korzeniowski at Bethesda Memorial Hospital ("Bethesda") in Boynton Beach, Palm Beach County, Florida. On May 15, 2000, the child's parents, Jennifer and Derik Korzeniowski, sued Bethesda and Eagleman for medical malpractice alleging that Luke suffered brain damage at birth as a result of Eagleman's negligence during delivery of the child. The case ultimately went to trial, resulting in entry of a $63 million verdict in favor of the Korzeniowski plaintiffs on February 26, 2004.

Thereafter, the Korzeniowski plaintiffs settled with Bethesda for the equivalent of $20 million, the hospital's applicable insurance policy limits, and the state trial court approved this settlement on behalf of the minor child on May 4, 2004. In this same time frame, on April 26, 2004, the Korzeniowskis filed a motion to join MedPro to the action as party defendant, seeking entry of final judgment against it and defendant Eagleman pursuant to §627.4136(4), Florida Statutes.

MedPro opposed the motion, which the state court ultimately granted in part and denied in part. It permitted the joinder of MedPro as party defendant, and entered final judgment against MedPro to the extent of the applicable $250,000.00 policy limits, but declined to enter judgment against it in the full amount of the jury's verdict, simply noting that it would be pre-mature to decide MedPro's liability for the amount of the excess judgment prior to determination of the plaintiff's bad faith claim against it. Accordingly, the state court entered judgments against the Eagleman defendants totaling $43 million and judgment against defendant MedPro for $250,000.

2

On May 28, 2004 the Korzeniowkis filed a motion to amend their original complaint by adding a bad faith count and intervention complaint against MedPro. On that same date, Eagleman filed a cross-claim for bad faith claim against MedPro in the underlying state action. Before the trial court had an opportunity to rule on the Korzeniowskis' motion to amend, MedPro filed its notice of removal in this court on June 16, 2004, invoking this court's diversity jurisdiction over the bad faith claims of both parties.

In the interim, on June 2, 2004, the Eagleman defendants filed appeal from the adverse final judgments, a matter currently pending before the Fourth District Court of Appeal.

### Remand Proceedings

The Korzeniowski plaintiffs and Eagleman defendants now move to remand the case back to the state court in which the original malpractice action was lodged, contending first, that MedPro's removal was untimely as it was filed more than one year from commencement of the underlying action. Second, the Korzeniowskis and Eagleman argue that diversity is destroyed by the presence of the Eagleman defendants, who are Florida residents. Third, they argue that MedPro as a cross claim defendant, has no right to seek removal of the Eagleman defendants' bad faith action against it. Fourth, they argue that complete unanimity for removal is lacking among the defendants, and fifth, that piecemeal removal of claims is not allowed under diversity jurisdiction.

Responding to the motion, MedPro argues that the filing date of the underlying malpractice

Case 8:06-cv-01949-JDW-TBM   Document 5-1   Filed 10/30/06   Page 4 of 7
OCT-25-2006  14:50   SLAWSON CUNNINGHAM                        561 625 6269    P.05/08

litigation should not drive the determination of the one year repose period for removal,[1] on theory that it was improperly joined as party defendant in the underlying malpractice litigation in the first instance. Rather, it contends that plaintiff should have filed a separate bad faith lawsuit against it, and that the date of service of the proposed Korzeniowski bad faith complaint and Eagleman cross claim should determine the "commencement of the action" for purposes of 28 U.S.C. § 1446.

After carefully considering the arguments of all parties on the timeliness issue, the court concludes that this action was not timely removed pursuant to the limitations of § 1446(b), making it unnecessary to reach the remaining challenges to this court's subject matter jurisdiction.

## Discussion

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v Feldman*, 460 U.S. 462, 486 (1983); *Rooker v Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). *Rooker-Feldman* applies not only to cases seeking direct review of state court judgments, but also to cases which are "inextricably intertwined" with a prior state court judgment. *See Powell v Powell*, 80 F.3d 464, 467 (11th Cir.

---

[1] 28 U.S.C. § 1446 provides in pertinent part as follows:

(a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States ... a notice of removal...

(b) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...

*...except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.*

(emphasis added)

1996). A federal suit is so intertwined with an earlier state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Datz v Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995), *citing Pennzoil Co. v Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987)(Marshall, J., concurring). Put another way, if adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment. *See e.g. Jordahl v Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997).

In this case, MedPro asks this court to hold that the state court erred when it permitted joinder of MedPro as a party defendant to the underlying malpractice litigation, and that it was error to enter judgment against it in post judgment proceedings pursuant to § 627.4136 (4), Florida Statutes. That subsection provides in pertinent part:

> At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party.

In addition, MedPro requests this court to realign the parties according to their actual interests (mutual or adverse) in order to support the exercise of diversity jurisdiction by this court. As indicated, to reach this result the court would have to conclude that the state trial court erroneously permitted the joinder and entry of judgment against MedPro in the underlying malpractice action. Moreover, the court would have to disregard the true date of the "commencement of the action," and assign a calculation value to the date on which MedPro joined in the action.

This result is barred under *Rooker-Feldman*, which prohibits a federal district court from revisiting issues which are "inextricably intertwined" with a prior state court judgment. *See e.g. Blue*

*Cross and Blue Shield of Maryland, Inc. v Weiner*, 868 F.2d 1550 (11th Cir. 1989)(*Rooker-Feldman* doctrine barred health insurer found liable to insureds on state tort claim in state court from pursuing federal action seeking declaration that state court judgment was void and unenforceable and seeking injunction against insureds from further appealing or enforcing the state court judgment).

In essence, MedPro is asking this court to review the state court's rejection of its resistance to joinder as a party defendant in the original state court proceeding. Under *Rooker Feldman*, this court has no subject matter jurisdiction to perform such an inquiry. Cf. *Wright v Tackett*, 39 F.3d 155, 157-58 (7th Cir. 1994)(*Rooker-Feldman* precluded subject matter jurisdiction over civil conspiracy claims against parties involved in property foreclosure where plaintiff had unsuccessfully attempted to intervene in the underlying state court foreclosure action).

Thus, just as a late added defendant or third party defendant has no right of removal after expiration of the one year statutory removal period, on theory that the "commencement of the action" under § 1446(b) is determined from date of filing of the original complaint, *Howell v St. Paul Fire & Marine Ins. Co.*, 955 F. Supp. 650 (M.D. La. 1997); *Auto Transporters Gacela S.A. De C.V. v Border Freight Distributing and Warehouse, Inc.*, 792 F. Supp. 1471, 1472 (S.D. Tex. 1992); *Norman v Sundance Spas, Inc.*, 844 F. Supp. 355 (W.D. Ky. 1994), MedPro as a late added defendant and cross claim defendant has no right of removal beyond the one year anniversary of the original filing date of the underlying malpractice action. See *Service Asset Management Co. v Hibernia Corp.*, 80 F. Supp. 2d 626 (E.D. Tex. 2000)(term "action" under § 1446(b) referred to original complaint filed in state court and not to cross claims that were at issue when case became removable following dismissal of plaintiff's claims); *Price v Messer*, 572 F. Supp. 317 (S.D. W. Va.

1995)(defendant's insurer, against whom claim was added in amended complaint after judgment was obtained against defendant, was not allowed to remove action to federal court where notice of removal was filed over two years after commencement of case).

It is accordingly ORDERED AND ADJUDGED:

1. The Korzeniowski plaintiffs and Eagleman defendants' motions for remand are GRANTED on ground that this action was untimely removed under 28 U.S.C. § 1446 (b).

2. This court lacks subject matter jurisdiction over this case, which is accordingly now REMANDED to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

3. The clerk of the court shall CLOSE this case, DENY any pending motions as MOOT and send a certified copy of this order to the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida pursuant to 28 U.S.C. §1447.

DONE AND SIGNED in Chambers in West Palm Beach, Florida this ___ day of November, 2004.

Daniel T.K. Hurley
United States District Court Judge

copies to:
J. Michael Burman, Esq.
Christian D. Searcy, Esq.
Paul Buschmann, Esq.
Louis Silber, Esq.
Richard Slawson, Esq.
Hayward Gay, Esq.

**CLOSED CASE**