IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

DAVID LAHEY and GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor, and ASHLEY AMBER LAHEY, a minor,

Case No.: 01007938

Division: B

Plaintiffs,

vs

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.
_____/

## PLAINTIFFS' NOTICE OF FILING
## PROPOSED SECOND AMENDED COMPLAINT,
## or alternatively, AN AMENDMENT TO COMPLAINT

COMES NOW the Plaintiffs, DAVID LAHEY and GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor, and ASHLEY AMBER LAHEY, a minor, by and through their undersigned attorneys and hereby gives Notice of Filing the Proposed Second Amended Complaint, or alternatively, an Amendment to Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing document was



EXHIBIT 7

served upon the following parties by U.S. Mail on this 20th day of April, 2006.

David W. Longley, Esquire
Haas, Dutton, Blackburn, Lewis & Longley, P.L.
1901 N. 13th Street, Suite 300
Tampa, FL 33605

                    */s/ James W. Clark*

JAMES W. CLARK, ESQUIRE     FBN: 146250
CLARK & MARTINO, P.A.
3407 W. Kennedy Boulevard
Tampa, FL 33609
Post Office Box 24268
Tampa, FL 33623-4268
PH:  (813) 879-0700
FAX: (813) 879-5498
Attorneys for Plaintiffs

and

RICHARD W. SLAWSON, ESQUIRE   FBN: 134719
SLAWSON CUNNINGHAM WHALEN & GASPARI
1402 PGA Boulevard, Suite 140
Palm Beach Gardens, FL  33410
PH:  (561) 625-6260
FAX: (561) 625-6269
Co-Counsel for Plaintiffs

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DAVID LAHEY, GAYLE LAHEY, his wife,
Individually and as parents and next
friends of BRITTANY NICOLE LAHEY, a
minor, TYLER CHRISTIAN LAHEY, a
minor, AUSTIN GLENN LAHEY, a minor,
and ASHLEY AMBER LAHEY, a minor

Case No.:   01007936

Division B

Plaintiffs,

Vs

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.
_____/

## SECOND AMENDED COMPLAINT

COME NOW the Plaintiffs, *DAVID LAHEY, GAYLE LAHEY, his wife*, individually and as parents and next friends of *BRITTANY NICOLE LAHEY, a minor, TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor*, and *ASHLEY AMBER LAHEY, a minor*, by and through their undersigned attorneys, and sue the Defendant, *STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY*, as follows:

### COUNT I

1.  This is an action for damages in excess of FIFTEEN THOUSAND AND NO/100S DOLLARS ($15,000.00)

2.  At all times material hereto, Plaintiffs, DAVID LAHEY, GAYLE LAHEY, his wife, BRITTANY NICOLE LAHEY, a minor, TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor, and ASHLEY AMBER LAHEY, a minor [hereinafter "PLAINTIFFS"], were and are residents of Spring Hill, Pasco County, Florida.

3. On or about February 18, 1999, Jesus Perez (an underinsured/uninsured motorist) owned and operated a motor vehicle on or about West Hillsborough Avenue at or near its intersection with Florida Avenue in Tampa, Hillsborough County, Florida.

4. At said time and place, Jesus Perez (an underinsured/uninsured motorist) negligently operated or maintained the motor vehicle, which he was driving, so that said motor vehicle was caused to collide with the vehicle which Plaintiff, DAVID LAHEY, was driving.

5. As a result of the foregoing, Plaintiff, DAVID LAHEY, was injured; suffered a permanent injury within a reasonable degree of medical probability; suffered permanent and significant scarring; suffered the loss of use of an important body function; bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The injuries are permanent in nature and the Plaintiff will suffer said losses and impairments in the future. Plaintiff's automobile was damaged and Plaintiff has lost the use of it during the period required for its repair or replacement.

6. That Plaintiff, DAVID LAHEY, has incurred medical expenses and wage losses not paid or payable by Personal Injury Protection insurance pursuant to Chapter 627 Florida Statutes.

7. At all times material and relevant hereto, Jesus Perez was an uninsured and/or underinsured motorist.

8. At all times material hereto, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was and is a foreign corporation engaged in the insurance business and doing business in Tampa, Hillsborough County, Florida.

9. At all times material and relevant hereto, Plaintiff, DAVID LAHEY, was insured under the provisions under a certain policy issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, that provided, among other items, uninsured/underinsured motorist coverage. Further, that a copy of said policy is not attached hereto, as such is not in the possession of the Plaintiff, DAVID LAHEY, at the time of filing this Complaint. However, it is alleged, that said policy bears the number of: G04 5277-D18-59B.

10. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, under the terms and the conditions of said policies of insurance, as set forth above, has elected, pursuant to said provisions to have all matters concerning damages and compensation for injuries, as hereinabove alleged, on behalf of this insured, Plaintiff, DAVID LAHEY, to be determined through a trial by jury in these proceedings.

WHEREFORE, Plaintiff, DAVID LAHEY, demands judgment and damages against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and **A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.**

## COUNT II – GAYLE LAHEY (Loss of Consortium)

11. Plaintiffs, DAVID LAHEY AND GAYLE LAHEY, his wife, adopt and reallege all prior material paragraphs as if fully set forth herein.

12. As a direct and proximate result of the aforesaid negligence and carelessness of Jesus Perez, an underinsured/uninsured motorist, this Plaintiff's wife, GAYLE LAHEY, has had to spend money for hospitalization, medicine, therapy, and medical treatment for her husband because of this negligence and carelessness, and

for travel necessary to secure same; and in the future will be compelled to incur similar expenses, and he has lost the comfort, services, society, and consortium of her husband, and will continue to lose it in the future.

WHEREFORE, Plaintiffs, DAVID LAHEY and GAYLE LAHEY, his wife, individually, demand judgment, damages, and costs against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and **A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.**

### COUNT III – BRITTANY NICOLE LAHEY, a minor (Loss of Consortium)

13. Plaintiffs, DAVID LAHEY, GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, and adopt and reallege all prior material paragraphs as if fully set forth herein.

14. At all times material hereto, Plaintiff, DAVID LAHEY, has been determined to be and is permanently totally disabled, and BRITTANY NICOLE LAHEY, a minor, was born to DAVID LAHEY in 1993.

15. As a direct and proximate result of the aforesaid negligence of Jesus Perez, an underinsured/uninsured motorist, BRITTANY NICOLE LAHEY, a minor, has permanently lost the services, comfort, companionship, and society of her father as defined in Florida Statutes, Section 768.0415, and is entitled to damages.

WHEREFORE, Plaintiffs, DAVID LAHEY and GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, demand judgment, damages, and costs against the Defendant, STATE FARM

Second Amended Complaint
Lahey v. State Farm
Case No.: 01007988

MUTUAL AUTOMOBILE INSURANCE COMPANY, and A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.

### COUNT IV – TYLER CHRISTIAN LAHEY, a minor (Loss of Consortium)

16. Plaintiffs, DAVID LAHEY, GAYLE LAHEY, his wife, individually and as parents and next friends of TYLER CHRISTIAN LAHEY, a minor, and adopt and reallege all prior material paragraphs as if fully set forth herein.

17. At all times material hereto, Plaintiff, DAVID LAHEY, has been determined to be and is permanently totally disabled, and TYLER CHRISTIAN LAHEY, a minor, was born to DAVID LAHEY in 1994.

18. As a direct and proximate result of the aforesaid negligence of Jesus Perez, an underinsured/uninsured motorist, TYLER CHRISTIAN LAHEY, a minor, has permanently lost the services, comfort, companionship, and society of her father as defined in Florida Statutes, Section 768.0415, and is entitled to damages.

WHEREFORE, Plaintiffs, DAVID LAHEY and GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, and TYLER CHRISTIAN LAHEY, a minor, demand judgment, damages, and costs against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.

### COUNT V – AUSTIN GLENN LAHEY, a minor (Loss of Consortium)

19. Plaintiffs, DAVID LAHEY, GAYLE LAHEY, his wife, individually and as parents and next friends of AUSTIN GLENN LAHEY, a minor, and adopt and reallege all prior material paragraphs as if fully set forth herein.

20. At all times material hereto, Plaintiff, DAVID LAHEY, has been determined to be and is permanently totally disabled, and AUSTIN GLENN LAHEY, a minor, was born to DAVID LAHEY in 1993.

21. As a direct and proximate result of the aforesaid negligence of Jesus Perez, an underinsured/uninsured motorist, AUSTIN GLENN LAHEY, a minor, has permanently lost the services, comfort, companionship, and society of her father as defined in Florida Statutes, Section 768.0415, and is entitled to damages.

WHEREFORE, Plaintiffs, DAVID LAHEY and GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, TYLER CHRITIAN LAHEY, a minor, and AUSTIN GLENN LAHEY, a minor, demand judgment, damages, and costs against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and **A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.**

### COUNT VI – ASHLEY AMBER LAHEY, a minor (Loss of Consortium)

22. Plaintiffs, DAVID LAHEY, GAYLE LAHEY, his wife, individually and as parents and next friends of ASHLEY AMBER LAHEY, a minor, and adopt and reallege all prior material paragraphs as if fully set forth herein.

23. At all times material hereto, Plaintiff, DAVID LAHEY, has been determined to be and is permanently totally disabled, and ASHLEY AMBER LAHEY, a minor, was born to DAVID LAHEY in 2000.

24. As a direct and proximate result of the aforesaid negligence of Jesus Perez, an underinsured/uninsured motorist, ASHLEY AMBER LAHEY, a minor, has permanently lost the services, comfort, companionship, and society of her father as defined in Florida Statutes, Section 768.0415, and is entitled to damages.

WHEREFORE, Plaintiffs, DAVID LAHEY and GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor, and ASHLEY AMBER LAHEY, a minor, demand judgment, damages, and costs against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and **A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.**

## COUNT VII: INSURANCE BAD FAITH

25. Plaintiffs, DAVID LAHEY, GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor, and ASHLEY AMBER LAHEY, a minor, and adopt and reallege all prior material paragraphs as if fully set forth herein.

26. Upon issuance or renewal of said insurance policy to the Plaintiffs, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, *Florida Statutes*.

27. Plaintiffs have performed all conditions precedent to the bringing of this action pursuant to Section 624.155, *Florida Statutes*, by providing written notice of the Defendant's violations pursuant to the Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Insurance and to the Defendant. A copy of said Notice letter is attached hereto as Exhibit "A." A copy of the certified receipt from the Florida Department of Insurance, Bureau of Consumer Assistance, dated January 10, 2002, is attached hereto as Exhibit "B." Additionally, Defendant's, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, response to Plaintiffs' Civil Remedy Notice is attached hereto as Exhibit "C."

28. Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, DAVID LAHEY, GAYLE LAHEY, his wife, Individually and as parents and next friends of BRITTANY NICHOLE LAHEY, a minor, TYLER CHRISTIAN LEHEY, a minor, AUSTIN GLENN LAHEY, a minor, and ASHLEY AMBER LAHEY, a minor, and to attempt to settle the claim of PLAINTIFFS when under all the circumstances it could and should have done so, had it acted fairly and honestly toward PLAINTIFFS and with due regard for PLAINTIFFS' interest.

29. At all material times, Defendant knew that its $300,000 policy limits were inadequate to compensate PLAINTIFFS for the serious and permanent injuries they sustained in the February 18, 1999 collision.

30. On March 31, 2006, a jury verdict was rendered against Defendant in the underlying action in the amount of $3,800,000.00.

31. Defendant breached its continuing duties under Section 624.155 by not attempting in good faith to settle PLAINTIFFS' claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and/or omissions:

   a. improper handling of the claim;

   b. refusing to settle the claim in a timely manner;

   c. failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, the value of which were clearly in excess of the policy limits; and

   d. failing to promptly settle Plaintiff's claim when the obligation to settle the claim had become reasonably clear.

32. Defendant also failed to cure the violations under Section 624.155, by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

33. All of the continuing acts of bad faith by the Defendant caused the Plaintiff damages, including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorneys' fees for the underlying action and for this action.

34. Pursuant to sections 627.727(10) and 624.155, *Florida Statutes*, in this action, PLAINTIFFS are entitled to recover the full amount of damages caused by the

negligence of the underinsured tortfeasor, including the amount of damages in excess of $300,000.00 underinsured motorist policy limits.

35. The above-mentioned acts of Defendant required the PLAINTIFFS to retain James W. Clark, Esquire, of CLARK, CHARLTON & MARTINO, P.A. to represent them in this action, and PLAINTIFFS have agreed to pay them attorneys' fees for their services in this action and has agreed to reimburse them for costs advanced in the prosecution of this action.

36. The above-mentioned acts of Defendant required the PLAINTIFFS to retain Slawson Cunningham Whalen & Gaspari to represent them in this action, and PLAINTIFFS have agreed to pay them attorneys' fees for their services in this action and have agreed to reimburse them for costs advanced in the prosecution of this action.

37. PLAINTIFFS seek to recover its attorneys' fees against Defendant pursuant to the provisions of sections 624.155 and 627.428, *Florida Statutes*.

WHEREFORE, Plaintiffs, DAVID LAHEY and GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor, and ASHLEY AMBER LAHEY, a minor, demand judgment, damages, and costs against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and for the total amount of his compensatory damages, attorneys' fees for the underlying action pursuant to a Proposal for Settlement served in the underlying action, consequential damages, attorneys' fees and costs of this action, and interest on the unpaid benefits and

Second Amended Complaint
Laney v. State Farm
Case No.: 01007938

on any judgment in this action, and further demand A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing document was served upon the following parties by U.S. Mail on this ____ day of **April, 2006**.

Raymond A. Haas, Esquire
Haas, Lewis & Longley
1901 N. 13th Street; Suite 300
Tampa, FL 33605
Telephone: 813-253-5333

JAMES W. CLARK, ESQUIRE
CLARK & MARTINO, P.A.
3407 W. Kennedy Boulevard
Tampa, FL 33609
Post Office Box 24268
Tampa, FL 33623-4268
PH:  (813) 879-0700
FAX: (813) 879-5498
Attorneys for Plaintiffs
Florida Bar No.: 146250

and

RICHARD W. SLAWSON, ESQUIRE
SLAWSON CUNNIGHAM WHALEN & GASPARI
1402 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
PH:  (561) 625-6260
FAX: (561) 625-6269
Co-Counsel for Plaintiffs
Florida Bar No.: 134719



# CLARK, CHARLTON & MARTINO, P.A.

Attorneys At Law

**JAMES W. CLARK**

Board Certified in
Civil Trial by
The Florida Bar and
The National Board of
Trial Advocacy

3407 W. Kennedy Boulevard
Tampa, FL 33609-2905

P.O. Box 24268
Tampa, FL 33623-4268

Tel: 813-879-0700
Fax: 813-879-5498

e-mail:
jclark@ccmlaw.net

Webpage:
www.ccmlaw.net

January 8, 2002

**CERTIFIED U.S. MAIL**
**RETURN RECEIPT REQUESTED**
State Farm Mutual Automobile
  Insurance Co.
Attn: Claims Office
7401 Cypress Garden Blvd.
Winter Haven, FL  33888

Re:  Insured: David Laney
     Claim No.: 59-V127-942
     D/L: 2/18/99

Gentlemen:

Enclosed please find a copy of my client's *Civil Remedy Notice of Insurer Violation* filed this date on his behalf.

Very truly yours,

JAMES W. CLARK

sik
Enclosure

Certified U.S. Mail
Return Receipt Requested
Florida Department of Insurance (original – Ref. #19848)
Consumer Assistance/Civil Remedy Section
Larson Bldg., 200 E. Gaines St.
Tallahassee, FL  32399-0322

EXHIBIT
1

DOI FILE #: _____

## CIVIL REMEDY NOTICE OF INSURER VIOLATION
INSTRUCTIONS FOR COMPLETING THIS FORM ON REVERSE SIDE

Date Submitted: December 3, 2001    INS. CO. FEIN #: _____

1. Company: State Farm Mutual Automobile Insurance Co.
   Street Address: 7401 Cypress Gardens Blvd.
   City/State/Zip: Winter Haven, FL 33886
   Individual(s) Involved: David Lahey

   This notice is given for the purpose of perfecting the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

2. Complainant:  ☒ Insured   ☐ Third Party   ☐ Other
   Insured Name: David Lahey                           Policy No.: G04 5277-D18-59B
   Complainant Name: David Lahey                       Claim No.: 59-V127-942
   Attorney (if any): James W. Clark, Esquire
   Street Address: 3407 W. Kennedy Blvd.
   City/State/Zip/Cnty: Tampa, FL 33609

3. TYPE OF INSURANCE:
   ☐ Accident & Health          ☐ Life & Annuity          ☐ Residential Property & Casualty
   ☐ Medicare Supplement        ☒ Auto                    ☐ Commercial Property & Casualty
   ☐ Miscellaneous _____

4. REASON FOR NOTICE:
   ☐ Cancellation/Non-renew     ☐ Claim Denial            ☒ Unsatisfactory Settlement Offer
   ☒ Claim Delay                ☐ Unfair Trade Practice   ☒ Other Failure to settle in good faith

5. PURSUANT TO SECTION 624.155(2)(b)1, F.S. please provide the statutory provision, including the specific language of the statute, which the insurer allegedly violated.
   List Statue number(s): 624.155(1)(b)(1); 624.155(1)(b)(2); and 624.155(b)(b)(3).

   Statute Language: Not attempting in good faith to settle claims when, under the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests; failing to promptly settle claims when such obligation becomes reasonably clear...

6. Briefly reference the specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the insurer has not provided a copy of the policy to the third party claimant pursuant to written request.
   State Farm states it will reasonably evaluate and make proper payments to its insured as such relates to any claims for UM coverage. In this instance, State Farm has not attempted to evaluate and compensate its insured, and did not make proper payments under the provisions of its PIP benefits.

7. Briefly describe the facts and circumstances giving rise to the violation.
   David Lahey has had to pay out of pocket for injuries he received in the automobile accident of 2/18/99. Further, because of State Farm's failure to make a reasonable evaluation of his claim, he had to secure an attorney, incur litigation expenses that would not have been necessary had State Farm acted reasonably and with due diligence toward its insured.

[Stamp: RECEIVED DEC 11 2001 BUREAU OF CONSUMER ASSISTANCE]

4-360
e. 11/99

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)   B. Date of Delivery<br>JAN 1 0 2002<br>C. Signature<br>X   [stamp: DEPARTMENT OF INSURANCE AND FIRE MARSHAL / SUPERVISOR]   ☐ Agent  ☐ Addressee<br>D. Is delivery address different from 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br>Florida Dept. of Insurance<br>Consumer Assistance/Civil Remedy<br>Section<br>Larson Building; 200 E. Gaines St.<br>Gainesville, FL 32399-0322 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label)   7001 1140 0001 5043 1121 | |
| PS Form 3811, March 2001   Domestic Return Receipt   102595-01-M-1424 | |

EXHIBIT
B

# HAAS, LEWIS & LONGLEY, P.A.
ATTORNEYS AND COUNSELORS AT LAW

1-800-876-3392 ❖ E-mail: haas@insdef.com

January 29, 2002

VIA CERTIFIED MAIL - 7000 0600 0029 5051 1998
RETURN RECEIPT REQUESTED
Bureau of Consumer Assistance
The Treasurer of the State of Florida/Department of Insurance
Civil Remedy Section
200 East Gaines Street
Tallahassee, Florida 32399-0322

    RE:    Insured/Complainant - David Lahey
            DOI File No. -
            Acceptable Date -
            Date of Loss - 02/18/99
            Our File No. - 200-114

Dear Bureau of Consumer Assistance Representative:

This letter is to reply to the above-referenced Civil Remedy Notice of Insurer Violation filed by David Lahey.

Please be advised that State Farm Automobile Insurance Company has investigated and made a good faith evaluation of the claims asserted by Mr. Lahey and feels the demands made are unreasonable, and that the causal relationship between Mr. Lahey's complaints and the subject accident are in question.

The above mentioned investigation reveals significant pre-existing conditions, including prior automobile accidents in 1984 and 1992, as well as a prior cervical fusion, and bilateral open reduction TMJ surgery following Mr. Lahey's 1992 automobile accident.

Yours truly,

David W. Longley
Raymond A. Haas

DWL:wsd

cc:    James W. Clark, Esq.

EXHIBIT