UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID LAHEY AND GAYLE LAHEY, his wife,
individually and as parents and next friends of
BRITTANY NICOLE LAHEY, a minor, TYLER
CHRISTIAN LAHEY, a minor, AUSTIN GLENN
LAHEY, a minor, and ASHLEY AMBER LAHEY,
a minor,

       Plaintiffs,

vs.                              Case No. 8:06-CV-1949-T27-TBM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Motion to Remand to State Court (Dkt. 5) and

Defendant's Memorandum of Law in Opposition to Motion for Remand (Dkt. 8). Upon

consideration, Plaintiffs' Motion to Remand is **DENIED**.

### Procedural Background

In September 2001, Plaintiffs filed an uninsured/underinsured motorist ("UM") action against

Defendant in state court.   The only claim asserted in that lawsuit was for benefits under the UM

policy.  Plaintiffs' UM claim was tried, resulting in a jury verdict in excess of the $ 300,000 policy

limits. The final judgment was limited to the policy limits.  That judgment is pending on appeal.

After the verdict, the state court authorized Plaintiffs to amend their complaint to assert a

statutory bad faith claim.  On September 22, 2006, Plaintiffs filed a Second Amended Complaint

seeking damages for insurer bad faith pursuant to Fla. Stat. § 624.155 (2006).  On October 20, 2006,

Defendant removed the bad faith claim to federal court. (Dkt. 1).

Plaintiffs seek an order remanding the bad faith claim, arguing  (1) removal was untimely because Defendant did not remove the case within one year from the commencement of Plaintiffs' original UM action; (2) removal was untimely because Defendant did not remove the case within thirty days of receipt of Plaintiffs' motion to amend the complaint; and (3) removal was improper because Defendant failed to attach all process, pleadings, and orders served in the state court action. Alternatively, relying on the *Rooker-Feldman* doctrine, Plaintiffs contend this case should be remanded because the UM and bad faith claims are inextricably intertwined, thereby requiring this Court to render decisions that could interfere with decisions made by the state court.

## Applicable Standard

Pursuant to 28 U.S.C. § 1332(a) (2006), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Plaintiffs do not challenge subject matter jurisdiction under diversity.[1]    Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Removal statutes are strictly construed and all doubts concerning jurisdiction are resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also Burns*, 31 F.2d at 1095 ( "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"). The removing party has the burden of demonstrating the propriety of removal. *Diaz v. Sheppard*, 85 F.3d 1502,

---

[1] State Farm concedes that the original UM claim was removable, as the parties are diverse and the $300,000 policy limits exceeded the $ 75,000 threshold for diversity jurisdiction. As will be discussed, the removability of the underlying UM claim is of no consequence to the issues presented.

1505 (11th Cir. 1996).

**Discussion**

1.    <u>Removal within one year after commencement of the underlying action.</u>

Plaintiffs contend removal was untimely pursuant to 28 U.S.C. § 1446(b) because Defendant

did not remove the action within one year after commencement of Plaintiffs' original UM claim.

Contrary to Plaintiffs' contention, Plaintiffs' bad faith claim is a cause of action "separate and

independent of" the underlying UM claim and was therefore separately removable pursuant to 28

U.S.C. § 1441(a).

In relevant part, 28 U.S.C § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C § 1446(b).

Under Florida law, a statutory bad faith claim is "separate and independent" of the claim

arising from the contractual obligation to perform under the policy. *Allstate Indem. Co. v. Ruiz* 899

So.2d 1121, 1129 (Fla. 2005). A statutory bad faith claim does not *exist* until the underlying first

party action on the policy has been resolved in favor of the insured. *Blanchard v. State Farm Mutual

Automobile Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) ("[a]bsent a determination of the existence

3

of liability on the part of the UM tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle").

Since *Blanchard,* the Florida Supreme Court has confirmed its consideration of a statutory bad faith claim as a separate cause of action, independent of an action on the policy, which does not accrue until the underlying first party action on the policy has been resolved in favor of the insured:

> Moreover, as we approved in *Blanchard,* a "claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform."

*Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.,* 945 So.2d 1216, 1235 (Fla. 2006).

> In a "first-party" action against an insurance carrier founded upon section 624.155(1)(b), which affirmatively creates a company duty to its insured to act in good faith in its dealings under the policy, liability is based upon the carrier's conduct in processing and paying a given claim. Thus, the action is totally unlike an ordinary "insured vs. insurer" action brought only under the policy, . . . *Allstate Indem. Co. v. Ruiz,* 899 So.2d at 1129.

Since Plaintiffs' bad faith claim is a separate and distinct cause of action, Defendant was entitled to remove the bad faith claim within 30 days of when it was filed and was not precluded from filing it more than one year after the original UM claim was filed. 28 U.S.C. § 1446(b).[2]

2.   Removal within the thirty day period.

Plaintiffs contend removal was untimely because Defendant did not remove Plaintiffs' bad faith claim within thirty days of receiving Plaintiffs' motion for leave to amend the complaint. Plaintiffs' argument is unpersuasive. Defendant's removal was timely if made within thirty days after

---

[2] *See Parks v. State Farm Mutual Automobile Ins. Co.*, Case No. 8:06-CV-811-T-26MSS (M.D. Fla. June 20, 2006) ("[a] claim for bad faith is a civil action distinct from an underlying contractual claim such that it does not accrue for removal purposes until the underlying contractual claim has been resolved").

Defendant's receipt of "a copy of the initial pleading setting forth" the bad faith claim. 28 U.S.C. §

1446(b).  Plaintiffs' bad faith claim commenced on September 22, 2006, the date the state court

authorized Plaintiffs to file the amended complaint adding their bad faith claim.    If Plaintiffs'

position was correct and notice of Plaintiffs' motion to amend the complaint began the thirty day

period, Defendant would be required to remove the bad faith claim to federal court before it was

actually filed. It is illogical to require a defendant to remove a case to federal court before the

removable claim is actually filed. This conclusion is consistent with the rule that the thirty day

removal period begins to run from the date of formal service, rather than the date a party receives

a courtesy copy of the complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 350 (1999) (requiring removal before formal service would require "one who has not yet

lawfully been made a party to an action . . . to decide in which court system the case should be

heard").  Accordingly, Defendant's removal on October 20, 2006 was within thirty days of when

Plaintiffs commenced their bad faith claim.  Removal was timely under 28 U.S.C. § 1446(b).

3.      Failure to attach all process, pleadings and orders served in the state court action.

        Plaintiffs contend removal was improper because Defendant failed to file copies of all papers

filed in the state court relating to the UM claim.  Section 1446(a) requires the removing defendant

to file "a copy of all process, pleadings, and orders served upon such defendant or defendants in [the

state] action." Defendant filed only those papers related to Plaintiffs' bad faith claim.  Consistent

with this Court's holding that Plaintiffs' bad faith claim constitutes a separate and independently

removable action, it was unnecessary for Defendant to file the pleadings and papers filed in

connection with the underlying UM claim.  However, to the extent Defendant failed to strictly

comply with the requirements of § 1446(a), that omission is not fatal. *See Usatorres v. Marina*

*Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286-87 (11th Cir. 1985) (removal is proper even though removing party did not file all necessary papers with district court); *see also Covington v. Indem. Ins. Co.*, 251 F.2d 930 (5th Cir. 1958) (when case is removed to federal court, any papers lacking from prior state court action may be later supplied).

4.      The UM and bad faith claims are not inextricably intertwined.

Plaintiffs argue that removal was improper because Defendant's basis for removal is inextricably intertwined with issues earlier decided by the state court. Plaintiffs' argument is not persuasive. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to adjudicate claims which essentially seek review of the final state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). A federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

Contrary to Plaintiffs' contention, in resolving Plaintiffs' statutory bad faith claim, this Court will not have to revisit any issues decided by the state court. In sum, the only issue to be determined in the bad faith claim is whether Defendant's claim handling was in bad faith and in turn, whether Defendant is liable to pay the excess amount of the judgment. The underlying tortfeasor's liability and resulting damages awarded in the final judgment, while condition precedents to the statutory bad faith claim, are issues independent of a determination of whether State Farm acted in bad faith. The adjudication of the bad faith claim does not depend on whether the state court correctly decided the UM benefit claim and regardless of the bad faith determination, the state court's judgment regarding damages and liability for the underlying UM claim will not be affected. Accordingly, the claims

6

and issues are not inextricably intertwined.   Plaintiffs' motion to remand is therefore denied.

Accordingly, it is

      **ORDERED** that Plaintiffs' Motion to Remand to State Court and Memorandum of Law in

Support (Dkt. 5) is **DENIED.** Plaintiffs' claim for attorney fees is therefore denied.

      **DONE AND ORDERED** in chambers this ___6___ day of July, 2007.

                           **JAMES D. WHITTEMORE**
                           **United States District Judge**

Copies to:
Counsel of Record

7