**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID LAHEY AND GAYLE LAHEY, his wife, individually and as parents and next friends of BRITTANY NICOLE LAHEY, a minor, TYLER CHRISTIAN LAHEY, a minor, AUSTIN GLENN LAHEY, a minor, and ASHLEY AMBER LAHEY, a minor,**

**Plaintiffs,**

**vs.** **Case No. 8:06-CV-1949-T27-TBM**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

**Defendant.**

______________________________________/

**ORDER**

**BEFORE THE COURT** are Plaintiffs' Motion for Reconsideration of Order Denying Motion to Remand (Dkt. 13) and Defendant's Response (Dkt. 14). Upon consideration, Plaintiffs' Motion for Reconsideration is **DENIED.**

Plaintiffs do not specify whether their motion for reconsideration was filed pursuant to Federal Rule of Civil Procedure 59(e) or 60(b).[1] However, because Plaintiffs' motion was filed six months after this Court entered the order denying Plaintiffs' motion to remand, it will be treated as if it was filed pursuant to Rule 60(b). *See Mahone v. Ray,* 326 F.3d 1176, 1177-78 n. 1 (11th Cir. 2003) (motions for reconsideration filed more than ten days after entry of order or judgment

---

[1] Motions for reconsideration fall under the purview of either Rule 59(e) or Rule 60(b). *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993).

automatically become Rule 60(b) motions) (citations omitted).

In relevant part, Rule 60(b) provides:

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

The Court's reconsideration of a prior order is an extraordinary remedy and exercise of this power must be used sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 F. Supp. 1072, 1072 -73 (M.D. Fla. 1993); *see also Booker v. Singletary,* 90 F.3d 440, 442 (11th Cir. 1996) (citing *Ritter v. Smith,* 811 F.2d 1398, 1400 (11th Cir.), *cert. denied,* 483 U.S. 1010, 107 S.Ct. 3242 (1987)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor,* 814 F. Supp. at 1072-73 (citations omitted). The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See id.*

On July 11, 2007, this Court denied Plaintiffs' motion to remand, finding that Plaintiffs' bad faith claim, which Plaintiffs added *after* the verdict on Plaintiff's state court claim for uninsured motorist insurance benefits was rendered, was a separate and independent cause of action and

therefore separately removable pursuant to 28 U.S.C. § 1441(a). (Dkt. 11, pp. 3-4). Plaintiffs' argument that Defendant's removal was untimely because it was made more than thirty days after receiving Plaintiff's motion for leave to amend the complaint was rejected, this Court concluding that the date the state court granted Plaintiffs leave to file the amended complaint triggered the thirty day period to remove the bad faith claim to federal court. (Dkt. 11, pp. 4-5).

Plaintiffs argue that reconsideration is appropriate because three district courts, one from the Southern District and two from the Middle District, considered similar issues and determined that removal of the actions to federal court in those cases were untimely pursuant to § 1446(b). (Dkt. 13, *McCreery v. State Farm Mutual Automobile Ins. Co.*, Case No.: 07-CV-80489-DTKH (S.D. Fla. September 1, 2007) (defendant's removal untimely where plaintiffs voluntarily dismissed all claims against one defendant, leaving only bad faith claim against insurer pending; holding "mere addition of new state law claim, taken alone, would not affect a case's removability; nor would it allow defendant to get around the otherwise applicable 1 year bar"); *Suncoast Country Clubs, Inc. v. United States Fire Ins. Co.*, Case No. 8:06-CV-1238-T-23MSS, 2006 WL 2534197 (M.D. Fla. Aug. 31, 2006) (defendant's removal untimely where plaintiffs settled their contract and bad faith claims against insurer, but obtained leave to join defendant pursuant to Florida's Direct Action Statute; holding "subsequent joinder of an insurer for the purpose of a state court 'direct action' is bound by the one year deadline under 28 U.S.C. §1446"; Dkt. 15, *Williams v. Heritage Operating, L.P.*, Case No. 8:07-CV-977-T-24MSS, 2007 WL 2729652 *2 (M.D. Fla. September 18, 2007) (holding

plaintiff's "motion to amend [rather than the date the state court granted plaintiff permission to amend the complaint] served as a trigger placing [d]efendant on notice that the thirty day clock had commenced . . .").[2]

Plaintiffs have failed to demonstrate that the extraordinary remedy of reconsideration is warranted. Neither *McCreery*, *Suncoast* nor *Williams* warrant reconsideration of this Court's order denying Plaintiffs' motion for remand as none of these district court opinions establish that there has been a definitive change in the controlling law. While "a decision of the Supreme Court of the United States or a Court of Appeals may provide the extraordinary circumstances for granting a Rule 60(b) motion . . . ," a district court opinion, which this Court is not bound by, does not. *See Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987) (citing *Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir.1982)). "A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court . . ." *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991). Moreover, the facts of *McCreery*, *Suncoast*, and *Williams* are distinguishable from those in this case.

Simply put, Plaintiffs have not demonstrated a "clear cut change in the [controlling] law" or any other basis pursuant to Rule 60(b) warranting reconsideration. *See Ritter*, 811 F.2d at 1401 ("[t]hough the above-mentioned cases plainly allow Rule 60(b)(6) relief where there has been a

---

[2] Plaintiffs also cite *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994). *Burns* predated this Court's order denying Plaintiffs' motion to remand and was considered by this Court when rendering a decision on the motion to remand. (Dkt. 11, p. 2).

clear-cut change in the law, it is also clear that a change in the law will not *always* provide the truly extraordinary circumstances necessary to reopen a case") (emphasis in original). Accordingly, it is

**ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Reconsideration of Order Denying Motion to Remand (Dkt. 13) is **DENIED.**

**DONE AND ORDERED** in chambers this 17th day of April, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record